Alexander J. MATTURI, Petitioner,

v.

UNITED STATES CIVIL SERVICE
COMMISSION, Respondent.

Civ. No. 879-53.

United States District Court
D. New Jersey.

April 19, 1955.

Robert Scherling, Newark, N. J., for petitioner.

Augustine J. Kelly, Newark, N. J., for Housing Authority.

Raymond DelTufo, U. S. Atty., Newark, N. J., for respondent.

SMITH, District Judge.

This matter is before the Court on a petition for review filed herein pursuant to Section 12(c) of the Hatch Political Activity Act, as amended, 5 U. S.C.A. § 118k(c). The petitioner alleges that he is aggrieved by a report heretofore made by the respondent and the order entered thereon. The entire record, certified and filed herein by the respondent pursuant to the mandate of the statute, is before the Court. There is no genuine issue as to any material fact and the Court's consideration is limited, therefore, to the question of law raised by the petitioner.

The respondent issued and served upon the petitioner an Amended Letter of Charges in which it was alleged: first, that the petitioner was a member of the Newark Housing Authority, a local agency "financed in whole or in part by loans or grants made by the United States or by a Federal Agency thereof"; second, that his "principal (public) employment in 1952," as distinguished from his principal employment, "was in connection with" the said Authority; and third, that during his term of office he engaged in a political activity, to wit, that he was a candidate for the House of Representatives in the primary and general elections of 1952. The petitioner filed an answer in which he admitted the jurisdictional allegations but denied that

he was a person subject to the provisions of the Act.

■ The respondent, after hearing, dismissed the defenses interposed by the petitioner and sustained the charge. The report discloses that the decision was predicated solely on the determination that the "principal (public) employment" of the petitioner, as distinguished from his "principal employment," was in connection with the Newark Housing Authority. This determination, although supported by the evidence, does not support the respondent's ultimate determination that the petitioner was a person subject to the provisions of the Act.

The pertinent provisions of the statute, 5 U.S.C.A. § 118k(a), read as follows: "No officer * * * of any State or local agency whose Principal Employment is in connection with any activity which is financed in whole or in part by loans or grants made by the United States or by any Federal agency shall (1) use his official authority or influence for the purpose of interfering with an election or a nomination for office, or affecting the result thereof, or * * *. No such officer * * * shall take an active part in political management or in political campaigns." (Emphasis by the Court.)

The petitioner admitted at the hearing before the respondent that he was an officer of the Newark Housing Authority, a position for which he admittedly received no salary or other compensation, but denied that this was his "principal employment." He testified, and his testimony is not disputed, that he was a member of the bar actively engaged in the practice of law in the City of Newark. It is not denied that he was principally employed in the pursuit of his profession. We are of the opinion that under these circumstances the petitioner is a person not subject to the provisions of the Act.

The question now before the Court was considered and discussed by Chief Judge Pray in the opinion filed in the case of Anderson v. United States Civil Service Commission, D.C., 119 F.Supp. 567. We agree with his construction of the pertinent provisions of the Act hereinabove quoted, and we quote at length from that opinion, 119 F.Supp. at pages 576 and 577:

"The Commission has in effect amended the statute by adding the word 'public', making it read: 'principal public employment,' thereby changing the statutory wording entirely and minimizing the importance of the word 'principal', since it is unusual to find a person holding two public offices. Petitioner states that he devoted three-fourths of his time to the private practice of law and derived four-fifths of his income therefrom.

"But to turn to the record of the enactment of Section 12(a) by Congress. It appears that the Senate first had the section in question under consideration, and as it passed the Senate and was sent to the House read as follows:

" 'No officer or employee of any state or local agency who exercises any function in connection with any activity which is financed in whole or in part * * *.' Senate 3046, Vol. 86, Part III, Congressional Record, page 2987.

"It will be noted that the words 'principal employment' do not appear in the bill as it passed the Senate.

"The House of Representatives changed the wording of the section and the meaning thereof, as follows: 'Whose principal employment is * * *,' as a substitute for the Senate wording of 'who exercises any function,' etc., and, of course, the Senate agreed to that amendment, otherwise Section 12(a) could not have been enacted into law.

"If the Senate wording of the section had been accepted by the House, then without question the petitioner would have been included and properly held to be a violator of the Act, since this court holds that he was engaged in a political campaign with the cooperation of a political com-

mittee that took care of the radio expense of his broadcast. But that is not the case here before the court, and the amendment adopted in the House of 'whose principal employment is' changed completely the meaning of that part of Section 12(a), the wording of which is so plain and easily understandable that the array of authorities cited as to interpretation and construction of statutes would seem to be unnecessary.

"It is difficult to understand how the meaning and intent of Congress could be more clearly expressed. To change the statute to read 'whose principal public employment,' etc., would seem to be a usurpation of Congressional authority, for it changes the wording and meaning of the section by the insertion of the word 'public'. It is evident that Congress intended to give a person, whose minor employment was by the Government, an opportunity as a citizen to take part in political campaigns if he came within the language and clear intendment of the Act as amended by the House and thereafter approved by the Senate.

"As the case now stands, the Commission has read language into the statute which changes completely the meaning of the words put there by Congress. The Commission has apparently gone on for an extended period of time trying to justify in its briefs and decisions in different cases before it the adoption of the words 'principal public employment' which do not appear in the statute, and wherein the language as written by Congress is 'principal employment'. The court is unable to find any doubtful meaning in Section 12 (a) of the statute in question and now in force."

It is argued by the respondent that the petitioner is not a "party aggrieved" within the meaning of the Act. The argument is without merit and we see no reason to discuss it.

We are of the opinion that the determination and order of the United States Civil Service Commission were not in accordance with the law. The matter is remanded to the Commission for further proceedings consistent with this opinion. The petitioner shall, upon notice to the respondent, prepare and submit to the Court an appropriate order.