In the Matter of W. E. RAMSHAW, and the Office of Civil Service Defense, Butte County, Idaho, and the State of Idaho.

Civ. No. 4–66–33.

United States District Court
D. Idaho, E. D.
Feb. 20, 1967.

M. B. Hiller, of St. Clair, St. Clair & Hiller, Idaho Falls, Idaho, Allan G. Shepard, Atty. Gen., State of Idaho, Michael Southcombe, Deputy. Atty. Gen., Boise, Idaho, for petitioners.

Sylvan A. Jeppesen, U. S. Atty., by Clarence D. Suiter, Asst. U. S. Atty., Boise, Idaho, for respondent.

## MEMORANDUM ORDER and JUDGMENT

McNICHOLS, District Judge.

Petitioners W. E. Ramshaw and the State of Idaho, pursuant to Section 12(c) of the Hatch Political Activities Act of 1939,[1] hereinafter referred to as the Act, seek review of a United States Civil Service Commission Report and Order dated August 31, 1966. The Commission action here in dispute found Petitioner Ramshaw to be in violation of Section 12(a) of the Act,[2] and that such violation warranted his removal from employment. Jurisdiction here exists under 5 U.S.C. § 1508.

As required by the Act, a certified transcript of the record upon which the Report and Order were made has been filed with the Court.

Based upon the administrative record and brief on file herein, defendant has filed a Motion for Summary Judgment (Rule 56, F.R.Civ.P.), which Petitioners have not resisted. The matter stands submitted upon the Motion.

The scope of the Court's review is set forth in 5 U.S.C. § 1508. It extends to both questions of fact and law. However, such review is limited to an examination of the facts and law as found by the Commission to determine whether the Commission has abused its discretion. State of Oklahoma v. United States Civil Service Commission, (10 Cir., 1946), 153 F.2d 280; affirmed, 330 U.S. 127, 67 S. Ct. 544, 91 L.Ed. 794; State of Utah v. United States, et al., (10 Cir., 1961), 286 F.2d 30; cert. denied, 366 U.S. 918, 81 S.Ct. 1093, 6 L.Ed.2d 240.

The basic facts giving rise to this action are not in dispute and Petitioners have not contested the Findings of Fact as found by the Commission. Therefore, only questions of law are presented to the Court. Matturri v. United States Civil Service Commission, (D.C.N.J., 1955), 130 F.Supp. 15; affirmed, (3 Cir., 1956), 229 F.2d 435; Engelhardt v. United States Civil Service Commission, (D.C., Ala., 1961), 197 F.Supp. 806; affirmed, (5 Cir., 1962), 304 F.2d 882.

In January, 1962, Petitioner Ramshaw was appointed Director of Civil Defense for Butte County, Idaho at a salary of $300 per month. The County was reimbursed from federal funds for one-half this salary. On August 24, 1964, Ramshaw filed as a candidate for the office of Sheriff of Butte County on the Republican ticket. Ramshaw campaigned for the office beginning sometime after the first of September until the general election on November 3, 1964, when he was defeated by his Democratic opponent. During the period when he would be actively engaged in campaigning for an elective office, Ramshaw had

---

1. Formerly 5 U.S.C. § 118k(c), enacted into positive law as 5 U.S.C. § 1508 in the September 6, 1966, codification of Title 5 of the United States Code, Government Organization and Employees.

2. 5 U.S.C. § 1502, formerly 5 U.S.C. 118k (a).

arranged for the stoppage of federal funds which were allocated to pay one-half of his salary. Funds for this purpose were not claimed by Butte County between September 1, 1964 and November 9, 1964, after which such funds were again claimed.

During May and June of 1964, Petitioner Ramshaw, in apparent contemplation of filing for the office of sheriff in the primary election, inquired of both state and federal civil defense officials regarding the applicability of the Act to his participation in campaigning for an elective office. This correspondence, respondent's exhibits 1 through 5 in the administrative file, not only demonstrates that Petitioner Ramshaw was aware that his proposed conduct might violate the Act, but also reasonably apprised him that such conduct would in fact violate the Act. If he had any remaining doubts, the Ralls' letter, respondent's exhibit No. 5 advised where further information was available. Although this letter was not directed to Ramshaw, the information contained therein was applicable to his situation and it is reasonable to believe it was solicited on his behalf and made available to him. As further evidence of Ramshaw's awareness that his conduct in running for an elective office would be violative of the Act, he arranged for stoppage of federal funds for payment of one-half of his salary during the period he was engaged in campaigning for office.

Petitioner Ramshaw, both by his answer to the letter of charges and during the administrative hearing, offered as a defense to the Commission action his attempted good faith compliance with the law and that such violation occurred only as a result of inadvertence or mistake of law and was not intentional.

██ Unfortunately for the Petitioner, mistake or misapprehension of the law does not constitute a defense to the charges and is not a ground on which this Court can upset the determination of the Commission.

The Commission disposition of this matter has fully complied with the applicable law. The Commission on September 6, 1966, issued its letter of charges against Ramshaw charging him with a violation of 5 U.S.C. § 1502. The matter was heard before a Commission hearings examiner on December 7, 1966. Petitioner Ramshaw was represented by counsel at the hearing and fully participated therein. Following the hearing, the examiner submitted a preliminary report sustaining the charged violation finding it warranted removal from employment. The Commission on August 31, 1966, adopted the hearings examiner's report and sustained his conclusion that the violation of the Act warranted removal from employment.

██ After careful consideration of the record in this matter, the Court is convinced that the Commission action fully complied with applicable law. The wisdom of the Commission decision is of no concern to the Court. Securities & Exchange Commission v. Chenery Corp., 332 U.S. 194, 207, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947); Board of Trade of Kansas City, Mo. v. United States, 314 U.S. 534, 548, 62 S.Ct. 366, 86 L.Ed. 432 (1942).

██ Under authority of 5 U.S.C. § 1508, Petitioner Ramshaw has made application to adduce additional evidence. The Court is of the opinion that the indicated additional evidence which Petitioner seeks to adduce will not materially affect the proceedings and accordingly the application is denied.

The Motion for Summary Judgment of defendant being well taken, it is therefore:

Ordered, and this hereby orders, that the action of the Commission be affirmed; that Summary Judgment for the defendant shall be entered and this Memorandum shall serve as Findings of Fact and Conclusions of Law as may be required by this action. The Petitioners' Complaint is hereby dismissed with prejudice.